UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CONRADO BADILLO,

        Defendant.

_____/

No. 1:18-CR-114

HON. JANET T. NEFF
U.S. District Judge

## UNITED STATES' SENTENCING MEMORANDUM

The defendant stands before the Court convicted of Harboring Aliens for Commercial Advantage and Private Financial Gain.  Based on the totality of the defendant's conduct and history, the United States respectfully recommends a within-guideline sentence.  Such a sentence will appropriately reflect the seriousness of the defendant's conduct, promote respect for the law, deter future criminal conduct by the defendant, deter others from engaging in similar conduct, and provide just punishment for his criminal conduct.

### I.    FACTS

The Criminal Complaint (R.15-1), Plea Agreement (R.17), and Presentence Report (R.29) summarize the factual background of this case.  We incorporate that information as if set forth fully herein.  For present purposes, it is sufficient to note the following.

The defendant harbored approximately 18 aliens who were either unlawfully present in the United States or unauthorized to work in the United States.  The defendant did so for

commercial benefit and private financial gain.  In addition, he arranged to smuggle a number of these individuals into the county, and he required them to repay him the smuggling fee.

## II.    SECTION 3553(a) FACTORS

### A. The Nature And Circumstances Of The Offense And The History And Characteristics Of The Defendant

The nature and circumstances of the offense are summarized above and in the Criminal Complaint (R.15-1), Plea Agreement (R.17), and Presentence Report (R.29).

The Presentence Report also contains a variety of information about the history and characteristics of the defendant.  The Presentence Report does not, however, contain information about a recent civil case against the defendant, which bears upon the defendant's history and characteristics and the statements he made on Page 10 of the Presentence Report.  On November 8, 2017, one of the defendant's employees filed a civil action against the defendant in the Western District of Michigan (1:17-CV-975).  The complaint alleged that the defendant willfully failed to pay the employee overtime as required by law; the defendant directed the employee to falsify his time cards; and the defendant required the employee to repay an overtime award required by the Department of Labor.  The parties ultimately settled the lawsuit, and the case was dismissed on July 5, 2018."

### B.  The Factors Enumerated In Section 3553(a)(2)

The United States respectfully submits that a within-guideline sentence is appropriate to adequately account for the factors enumerated in Section 3553(a)(2).

> *1.The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Harboring aliens for commercial or private gain is a serious offense.  Such efforts flout the law, thwart legitimate law enforcement efforts, and place workers in situations where they

2

are subject to all manner of exploitation. A within-guideline custodial sentence is needed to adequately reflect the seriousness of this offense, promote respect for the law, and provide a just punishment for the defendant's offense conduct.

> 2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct.*

There is a need in this case for both specific and general deterrence. As for specific deterrence, there is a need to keep the defendant from reoffending. As for general deterrence, there is a need to deter similar conduct by others, and a within-guideline sentence will tend to deter such conduct

> 3. *The need for the sentence imposed to protect the public from further crimes of the defendant.*

While incarcerated and under supervision, it will be much more difficult for the defendant to engage in similar conduct. Moreover, it is the United States' hope that the penalties imposed by the Court will emphasize to the defendant that there are significant consequences for such conduct, which will discourage him from again engaging in such conduct, which will in turn protect the community.

> 4. *The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

While incarcerated and under supervision, the defendant can take advantage of programs and counseling provided by or arranged through the Bureau of Prisons and/or U.S. Probation. This is not to suggest that treatment or rehabilitation is a reason to incarcerate the defendant. *See Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011) (a prison term may not be imposed or lengthened to foster rehabilitation). Instead, whatever the defendant's needs may be, they are not a reason to impose a shorter sentence because his needs can be met in prison.

C.  The Kinds of Sentences Available

As noted in the Presentence Report, the Court may impose any term of imprisonment up to 120 months.  (R.29: PSR, PageID.135, ¶ 79.)  Incarceration may be followed by a term of supervised release of up to three years.  (*Id*., PageID.136, ¶ 82.)

D.  The Advisory Sentencing Guidelines

The Presentence Report has calculated the advisory Sentencing Guidelines range as 12-18 months of incarceration, based on a total offense level 13, criminal history category I.  (R.29: PSR, PageID.136, ¶ 136.)   The Advisory Guideline range for supervised release is 1 to 3 years. (*Id*., ¶ 83.)

E.  Any Pertinent Policy Statement

The United States is not aware of any pertinent policy statements.

F.  Avoiding Unwarranted Sentence Disparities

The United States does not believe that unwarranted sentencing disparities are an issue in this case.   The United States is requesting a within-guideline sentence, which reduces the likelihood of unwarranted disparities.  The Sixth Circuit has observed that "[t]he point of the guidelines is to decrease sentencing disparities, an objective *furthered* by a within-guidelines sentence, as opposed to a sentence that varies above or below the advisory guidelines range." *See United States v Waltman*, 529 F. App'x 680, 685 (6th Cir. 2013) (emphasis in original) (affirming a 294–month sentence in a case involving attempted transportation of a minor with intent to engage in criminal sexual activity and attempted travel with intent to engage in illicit sexual conduct); *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011) (affirming a 360-month sentence in a case involving sale of iodine with knowledge that it would be used to manufacture methamphetamine).

## III.    Conclusion

For the reasons set forth above, the United States respectfully requests that the Court impose a within-guideline sentence consisting of a custodial sentence, a period of supervised release, and a fine, as recommended by the Presentence Report.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney


Dated: August 28, 2018

/s/ *Sean M. Lewis*

SEAN M. LEWIS
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan  49501-0208
(616) 456-2404

5